■ LEONARD KLEIMAN, Appellant-Respondent, v CITY OF NEW YORK, Respondent-Appellant.—Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered August 9, 1989, which awarded plaintiff $70,965, inclusive of interest, costs and disbursements, on his second cause of action for quantum meruit, and dismissed his first cause of action for breach of contract, unanimously modified, on the law, to award plaintiff $70,965, inclusive of interest, costs and disbursements, on his first cause of action for breach of contract, and to dismiss his second cause of action for quantum meruit, and otherwise affirmed, with costs against defendant the City of New York.

We take judicial notice of the applicability of Board of Estimate Resolution Calendar No. 101, dated March 6, 1980, not Board of Estimate Resolution Calendar No. 54, dated January 24, 1985, initially and erroneously relied on by defendant.

Plaintiff concededly earned his brokerage commission in procuring a tenant for city-owned property. When plaintiff's claim for a brokerage commission was rejected for technical noncompliance with what both parties took at the time to be the applicable Board of Estimate resolution, plaintiff commenced this action for breach of contract on the ground that the technical noncompliance was de minimis; alternatively, he sought recovery in quantum meruit. On motions for summary judgment, the first cause of action was dismissed because of the noncompliance, but judgment was granted on the second in the amount of $50,000, the maximum authorized under the

Board of Estimate resolution thought to be applicable, notwithstanding unrefuted expert testimony that, at the "going rate" for real estate brokers, plaintiff's compensation would be $385,461.

Plaintiff's compensation was clearly limited to $50,000, as he himself recognized in submitting his first claim for a commission six days after execution of the lease he had brokered. It was on that basis that the trial court limited plaintiff's recovery to $50,000, albeit on the theory of quantum meruit, since, in the trial court's view, plaintiff's technical noncompliance with the Board of Estimate resolution made his cause of action for breach of contract unviable. That 1985 resolution authorizes a broker's commission up to a maximum of $50,000 when a lease is awarded on the basis of a sealed bid, the broker is formally introduced to the city by a letter of authorization from the tenant, and there is no blood relationship between the broker and any official connected with the tenant. Here, there was no sealed bid or formal letter of authorization, and plaintiff was a first cousin of a vice-president of the entity that negotiated the lease with the city. However, the city now takes the position that the 1985 resolution was inapplicable, and that the situation was actually governed by a predecessor 1980 resolution not in any respect contravened by plaintiff. Since the earlier resolution also established a ceiling of $50,000 for brokerage commissions, and since quantum meruit is not available when the terms of compensation are adequately set forth in a writing *(see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382), we modify the judgment so as to reflect plaintiff's entitlement to payment under the earlier, applicable resolution. Concur—Kupferman, J. P., Ellerin, Wallach and Smith, JJ.